IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


ASHLEY BARRASSO,                        )
                    Plaintiff,          )
                                        )
        vs.                             )          Civil Action No. 17-0267
                                        )
CHILDREN'S HOSPITAL OF PITTSBURGH       )
OF UPMC, *et al.*                       )
                    Defendants.         )


<u>ORDER</u>

Presently before the Court is Plaintiff's Motion for Reconsideration (ECF No. 46) of the order entered May 10, 2018, which denied her motion to compel written discovery responses. The arguments raised in Plaintiff's motion were previously considered by this Court in deciding the motion to compel.  It is well-settled that

> [t]he purpose of a motion for reconsideration ... is to correct manifest errors of law or fact or to present newly discovered evidence. … Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

<u>U.S. ex rel. Schumann v. Astrazeneca Pharm. L.P.</u>, 769 F.3d 837, 848–49 (3d Cir. 2014), *quoting* <u>Max's Seafood Café v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999). To demonstrate clear error or manifest injustice, the Supreme Court mandates a "definite and firm conviction that a mistake has been committed." <u>Easley v. Cromartie</u>, 532 U.S. 234, 242 (2001) (*citing* <u>United States v. U.S. Gypsum Co.</u>, 333 U.S. 364, 395 (1948)). However, [a] motion for reconsideration "is not a proper vehicle to merely attempt to convince the court to rethink a decision it has already made[,]" <u>Colon v. Colonial Intermediate Unit 20</u>, 443 F.Supp.2d 659, 667 (M.D.Pa. 2006) (citations omitted) and

"parties are not free to relitigate issues that the Court has already decided." Jasin, 292 F.Supp.2d at 676 (citations omitted). As such, a motion for reconsideration may not be used by an "unsuccessful party to rehash" arguments previously disposed of by the Court. Keyes v. Nat'l R.R. Passenger Corp., 766 F.Supp. 277, 280 (E.D.Pa. 1991).

Here, Plaintiff argues that this Court's May 10, 2018 order should be reversed to "prevent [the] manifest injustice" of the case being able to proceed without discovery related to alleged comparators' discipline. (ECF No. 47, at pg. 5).

Court found the Plaintiff's April 27, 2018 motion to compel untimely because (1) it relied, in large part on testimony taken during depositions that occurred on March 1, 2018 and March 19, 2018, the last of which took place a week prior to the filing of Plaintiff's March 26, 2018, motion for extension of time to complete limited discovery; (2) Plaintiff's March 26, 2018 request for an extension of time to complete limited discovery did not mention the written discovery at issue here, but sought additional time to conduct two unrelated depositions; and (3) Plaintiff's motion to compel was filed three days after an April 24, 2018 status conference before this Court addressing various outstanding issues, including discovery, and three days before the extended April 30, 2018 discovery deadline.

Additionally, this Court was unconvinced that the persons identified in Dr. Ambrose's testimony are viable comparators because (1) they did not work in the same department as Plaintiff; (2) were subject to different "call-off" standards; and (3) were not under the direct supervision of Dr. Ambrose. (ECF No. 43, pg. 3); See Opsatnik v. Norfolk S. Corp., 335 F.App'x 220, 222–23 (3d Cir. 2009) (holding that comparators must be "similarly situated" but cautioning that "[w]hile 'similarly situated' does not mean identically situated, the plaintiff must nevertheless be similar in

'all relevant respects,'" and explaining that significant factors in making this determination include "showing that the two employees dealt with the same supervisor, were subject to the same standards, and had engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them.") (citations omitted).

Plaintiff's motion to reconsider asks this Court to relitigate those issues, and fails to demonstrate that this Court's May 10, 2018 order denying her motion to compel constituted a clear error or resulted in manifest injustice.

Accordingly, this 29th day of May, 2018, upon consideration of Plaintiff's motion for reconsideration of her motion to compel, and accompanying brief (ECF No. 46, 47), and Defendant's response thereto (ECF No. 48), IT IS HEREBY ORDERED that Plaintiff's motion is DENIED.

s/Robert C. Mitchell
ROBERT C. MITCHELL
United States Magistrate Judge
